IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROGER JOHNSON (# 59930)**             **PLAINTIFF**

**v.**             **No. 4:07CV105-P-A**

**WARDEN DWIGHT PRESLEY, ET AL.**             **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Roger Johnson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On February 4, 2007, a prison guard awoke the plaintiff and told his that his cell would be stripped of all items for seven days because the plaintiff had engaged in "cadillacing."[1] The plaintiff's cell was stripped for seven days, and, at a disciplinary hearing, he was found guilty of cadillacing and punished by loss of thirty days visitation.

### *Sandin*

The plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom

---

[1] "Cadillacing" is using string, rope, or strips of cloth with a weighted end to send contraband to prisoners in other cells.

from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted).  In the *Sandin* case, the discipline administered the prisoner was confinement in isolation.  Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the plaintiff was confined to a cell stripped of all items for seven days, and he was deprived of thirty days visitation privileges.  This punishment falls "within the expected parameters of the sentence imposed by a court of law" and does not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  *Sandin* 115 S. Ct. at 2301.  As such, the plaintiff's allegations do not state a constitutional claim and shall be dismissed with prejudice.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE